IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALLEN RAY, et al § | |
| § | CIVIL ACTION NO. |
| v. § | 4:17-CV-1006-Y |
| § | |
| BRIAN JOHNSON, et al § | |

**DEFENDANTS' MOTION & BRIEF TO DISMISS FOR MOOTNESS AND LACK OF STANDING AND REQUEST FOR EXPEDITED CONSIDERATION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME Defendants Brian Johnson, George Campbell, Liz Carrington, Kelly Turner, and Wayne Olson [1], through their undersigned attorney, and would show as follows:

### I. SUMMARY & OVERVIEW

As demonstrated below, the face of the Complaint demonstrates that these Plaintiffs simply do not have standing to seek the only relief which they do seek – a temporary injunction prohibiting the Kennedale City Council from considering a Council agenda item regarding possible Councilmember Sandra Lee's possible forfeiture of her office – despite the fact that Sandra Lee is not a party to this Complaint (Complaint Doc. 1 pp. 8 & 11). Furthermore, because the Complaint points only to a December 18, 2017 City of Kennedale Council meeting, and that date came and went even before the Court issued its Order denying the Motion for Temporary Injunction (Doc. 6), the Complaint in its entirety is moot. Because the Plaintiffs lack standing, the Court has no jurisdiction. Because the only relief sought concerns a day and event that has already gone by, there is nothing left for the Court to do. Because of the lack of jurisdiction and mootness, the Court should, with expedition, sign another Order fully disposing of the case.

---

[1] The Court may note that Defendants appear despite improper service. The returns of service filed herein show that Plaintiff Larry E. Adkins personally delivered the summons to the offices of each Defendant. However, because Larry E. Adkins is a party, he is ineligible to serve the summons. Fed. R. Civ. P. 4(c)(2).

**Defendants' Motion to Dismiss for Mootness and Lack of Standing and Request for Expedited Consideration – Page 1**

## II. BACKGROUND

Defendants recognize the Court must look only to the allegations on the face of the Complaint, and must accept well-pleaded facts as true for purposes of evaluating this motion to dismiss and cannot look beyond the four corners of the Complaint. Ashcroft v Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v Twombly, 550 U.S. 544, 570 (2007). Therefore, the background referred to by Defendants is taken entirely from the face of the Complaint. However, Defendants do not agree that the allegations in the Complaint are in fact correct. Plaintiffs allege there is some sort of an unconstitutional attempt to remove Plaintiffs' City Council member – Sandra Lee – who Plaintiffs assert they voted for. Plaintiffs state their motives for voting in favor of electing Sandra Lee to office as a Kennedale Council member – essentially their disagreement with the City allegedly incurring debt related to an issuance of bonds. Plaintiffs also express concern about increases in water rates (Complaint, Doc. 1 p. 9).

Plaintiffs next assert that on December 15, 2017, a City Council agenda meeting was posted or published pertaining to the meeting scheduled for December 18, 2017 (Complaint, Doc. 1 p. 10). The complained of agenda item, pertaining to a City Council meeting scheduled for December 18, 2017, was the possible forfeiture of office of Councilmember Sandra Lee (Complaint, Doc. 1 p. 10). Against the background of that controversy, the only relief Plaintiffs seek is described as:

> "We seek a emergency temporary injunction to stop the Mayor, City Councilmen, & City Manager for removing Sanda Lee & give her time to prepare to defend herself *[from]* the scheduled removal from office is 5:30 C.S.T. p.m. 12/18/2017." [*sic* throughout].

As of the date the present Motion is filed, the December 18, 2017 Council meeting has already occurred.[2] The Court may certainly recognize that even though the only relief sought is sought on behalf of, or in favor of Council member Sandra Lee, Ms. Lee is not a party to the lawsuit.

---

[2] For the Court's information, no action was taken against Ms. Lee at the December 18, 2017 Council meeting.

**Defendants' Motion to Dismiss for Mootness and Lack of Standing and Request for Expedited Consideration – Page 2**

### III. THE COURT'S ORDER

On December 19, 2017, this Court signed its "Order of Denying Motion for Temporary Injunction" (Doc. 6). The Court noted that the Plaintiffs only made vague references to any federal question, the Court stated it strained to find a federal question, and the Court strained to see how the Plaintiffs could possibly have standing (Order, Doc. 6 p. 1). And finally, the Court recognized that the only allegations that were the basis for relief were conclusory (Order, Doc. 6 pp. 1-2). Of course, conclusory allegations are insufficient to state a claim. Iqbal, 556 U.S. at 678. As explained below, Plaintiffs do not have standing, the Court has no jurisdiction, and the Court should summarily dismiss the case. Further, because the case is moot, there is no reason not to summarily dismiss the case.

### IV. THE ENTIRE CASE OR CONTROVERSY IS MOOT

It is well settled that if a claim for injunctive relief concerns events which cannot be affected by the Court's ruling, because the events have already taken place, the case or controversy is moot. In fact, at the time the Court issued the Order denying the Motion for Temporary Injunction (Doc. 6), the actions which the Plaintiffs sought to enjoin, concerned the prior day. The case was therefore moot in its entirety at the time of the December 19, 2017 Order (Doc. 6). The Court at that time could have simply denied the relief as moot. Murphy v. Fort Worth I.S.D., 334 F.3d 470-471 (5th Cir. 2003). Of course, because the Court questioned whether the Plaintiffs had standing, and standing is a jurisdictional matter, the Court may have been reluctant to deny relief on the basis of mootness.

### V. PLAINTIFFS LACK STANDING & THE COURT HAS NO JURISDICTION

It is well settled that in order for any private individuals to invoke the jurisdiction of the Courts to determine validity of executive or legislative action, the private individual must show that he has personally sustained, or is immediately in danger of personally sustaining a direct injury

as a result of the challenged action. Laird v. Tatum, 408 U.S. 1, 13 (1972), citing Ex Parte Levitt, 302 U.S. 633, 634 (1937). Here, Plaintiffs complain that they are voters, they voted in favor of electing Sandra Lee to serve as a City of Kennedale Councilmember, and that they are concerned that the City Council on December 18, 2017 might have been required to declare Sandra Lee had forfeited her elected office. Plaintiffs position is indistinguishable from the position of the unsuccessful Plaintiffs in Laird. The Plaintiffs in Laird sought to challenge actions of the Executive branch of the government despite their inability to show that they themselves had personally suffered any specific harm or injury, or even threat of harm or injury, that was different than any harm or injury the public in general would have experienced. The Court simply would not recognize the Plaintiffs in Laird as having standing because they had not shown the requisite personal harm or direct injury that would be different in any way from that of the public in general.

Here, the alleged harm which the Plaintiffs wish to avoid is Sandra Lee's removal from office as a Councilmember for the City of Kennedale. However, it is also well settled that public office is a personal interest belonging to the officeholder, and a person who wishes to assert an interest in that office must either be the officeholder or a person with a legitimate claim to hold the office or seek the office for themselves. Sibley v. Obama, 866 F.Supp.2d 17, 20 (D.C. 2012). In the Sibley case, the person challenging President Obama did not have a sufficient personal stake or claim to the office of President and therefore had no standing to make the challenge involved in that case. Here, Sandra Lee is the officeholder and none of the Plaintiffs claim to have an entitlement to that office themselves. They simply do not have standing.

Almost 103 years ago, the Supreme Court held that persons challenging an officeholder's right to office had no standing to make the challenge because they themselves did not and could not claim an interest in holding the office. The Supreme Court stated that there was no basis for allowing private litigation to be pursued by a person who has no interest in the public office which

---
**Defendants' Motion to Dismiss for Mootness and Lack of Standing and Request for Expedited Consideration – Page 4**

differs from that of every other member of the public's interest in the office. Newman v. U.S.A. ex. rel. Frizzell, 238 U.S. 537, 550 (1915).

Without Plaintiffs having standing, this Court has no jurisdiction. The Court has no choice but to dismiss the case.

## VI.  REQUEST FOR EXPEDITED RULING

At the time the Court denied the Motion for Temporary Injunction, the only relief sought was already moot. At the time the Court pointed out Plaintiffs' problems with standing and further pointed out that the underlying allegations were nothing other than conclusory and therefore insufficient to be a rationale for a temporary injunction. Standing is a jurisdictional question which the Court can raise or address at any time. The face of the Complaint and the face of the Court's docket shows the case in its entirety is moot and the Court has no jurisdiction. There is no reason to allow this dispute to remain pending, and the Court should forthwith dismiss the case.

**WHEREFORE, PREMISES CONSIDERED**, the Court should dismiss the case.

Respectfully submitted,

  /s/James T. Jeffrey, Jr.  
JAMES T. JEFFREY, JR.
State Bar No.: 10612300
LAW OFFICES OF JIM JEFFREY
3200 W. Arkansas Lane
Arlington, Texas 76016
(817) 261-3200
Fax (817) 275-5826
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing is being sent by certified mail this 8th day of January 2018 to Plaintiffs Allen Ray, 1025 Winding Creek, Kennedale, Tx 76060, and Larry Adkins, 619 Aberett, Kennedale, Tx 76060.

  /s/James T. Jeffrey, Jr.  
JAMES T. JEFFREY, JR.